DaNiei, Judge.
 

 After stating the case, proceeded as follows:
 

 The question for this court to determine, is, whether the slave
 
 Esther,
 
 mentioned in the legacy to- the testator’s daughter,
 
 Betsey .Welch,
 
 enured to the wife separately, or was the husband entitled to her, after taking possession with the assent of the executor ?
 

 'Whether the wife was to have a separate interest in the slaves, depends upon the intention of the testator, to be collected from reading the whole will, before the husband can be deprived of his marital rights, it is necessary to show a decided intention in the testator, that the husband should have no interest whatsoever-
 
 Lamb
 
 v. Milnes,
 
 5 Ves. 521.
 
 In examining the will of
 
 George Davis, I
 
 discover he uses the same words, or nearly the same at the termination of three separate and distinct bequests, one of which bequests is to a son. They ara as follows :
 
 “
 
 Fifthly, I will and beqeath my negro boy
 
 Jess
 
 to my daughter
 
 Peggy Dickson,
 
 for her own proper use.”
 

 “ Sixthly, I will and bequeath my negro boy
 
 Nelson
 
 to my son
 
 Jlaron,
 
 for ills own proper use forever.”
 

 “ Seventhly, I will and bequeath to my daughter
 
 Betsey Welch,
 
 my negro girl
 
 Esther,
 
 for her proper •use.”
 

 It will be seen here, that the legacy to the son, where the same words are used, is placed in the will between the legacies to the two daughters. It seems to me that the words made use of by the testator, and which the defendant contends created a separate interest in the wife,
 
 *289
 
 only sliow a disposition to transfer an absolute estate ire the slaves to the several legatees mentioned in the will, rather than a separate estate to his daughters. In the-case of
 
 Roberts
 
 v.
 
 Spicer, 5 Mad. 491,
 
 and
 
 Wills
 
 v.
 
 Seyers
 
 4
 
 Mad.
 
 409, it was held that a legacy to a married woman
 
 ,
 
 to and for her own use and benefit,” did not give' a separate estate. In
 
 Adanson
 
 v.
 
 Armetage,
 
 19
 
 Ves.
 
 415. The master of the rolls said he thought the direction that the legacy shall bo for her
 
 sole
 
 use, sufficient to
 
 vest the
 
 property in her, exclusive of the marital right. This remark was but a
 
 dictum
 
 no ways necessary to be made, in the correct determination of the case, then before the court. The court will not force a construction, to give the leg’acy to the separate use of
 
 the
 
 wife,
 
 Brown v.
 
 Clark, 2
 
 Ves.
 
 166. It appears to me that the “proper use” of the legacy, is to apply it to the maintenance of the wife and family, and to discharge debts. The husband is bound by law to maintain her and the children, and he is further bound to discharge the debts. The fund, unless a clear intention otherwise appears, should be placed in the husband’s hands, to enable him to discharge those obligations which the marriage has brought upon him. The law declares that a clear intent, for the sole and separate use of the wife
 
 must be shown,
 
 or the husband shall have the property. After looking over the whole will, and observing that the
 
 testator has
 
 used the same words in his disposition of other legacies, whore there could not be a possible necessity for a separate estate to be created,, I am of the opinion that he did not by the use of the words, “ for her proper use,” intend to create a separate estate in the slave
 
 Esther,
 
 to and for the benefit of his daughter
 
 Elizabeth.
 
 The judgment, given in the Superior Court
 
 must be
 
 affirmed.
 

 The conrt will not force a construction, to give a legacy to the separate use of the wife.
 

 Per Curiam. — Judgment aitirmeb*